RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:

USAM I Fund, LLC
1310 RR 620 South, C-15
Austin, Texas 78734
Attention: Jack H. Lieberman

_____

## DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF RENTS AND FIXTURE FILING

THIS DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF RENTS AND FIXTURE FILING is made as of _____, 2010, by THE PHINEAS GROUP, LLC, a Georgia limited liability company ("Trustor"), to FIRST AMERICAN TITLE INSURANCE COMPANY ("Trustee"), for the benefit of USAM I FUND, LLC, a Texas limited liability company ("Beneficiary").

## ARTICLE I
## GRANTS AND OBLIGATIONS SECURED

1.1.    Real Property.    Trustor irrevocably grants, transfers and assigns to Trustee, in trust, with power of sale, all of its right, title and interest in and to the following property, which Trustor now owns or may acquire later:

(a)    the real property more particularly described on Exhibit "A" (the "Land");

(b)    all buildings and other improvements located on or appurtenant to the Land and all machinery, equipment, appliances, tooling, furniture, fixtures, goods and other articles of real and personal property, affixed to or placed upon the Land or such buildings or other improvements (the "Improvements");

(c)    all licenses, privileges, tenements, hereditaments and appurtenances of or to the Land or the Improvements, including, without limitation, all rights-of-way, easements, any land lying within the right-of-way of any street, open or proposed, adjoining the Land, all water rights and shares of stock evidencing such rights, all oil and gas and other mineral rights and all sidewalks, alleys and strips and gores of land adjacent to or used in connection with the Land; and

(d)    all claims and demands, including claims or demands with respect to the proceeds of insurance, in effect with respect to the Land or the Improvements, and all awards made for the taking by eminent domain, or by any proceeding of purchase in lieu of any such taking, of all or any part of the "Property" (as defined below).

1.2.    <u>Rents</u>.  Trustor assigns to Beneficiary all rents, issues, profits, royalties, income, rights to payment and other benefits (collectively, the "Rents") derived from any lease, sublease, license, franchise or concession or other agreement (collectively, the "Leases") affecting the Land or the Improvements or their use or occupancy, all of Trustor's interest in the Leases, all guaranties of any obligation of any lessee or other party to any Lease (a "Lessee") and the right of Trustor to alter, amend, modify or terminate the Leases or any of their terms. Notwithstanding anything contained herein to the contrary, so long as no "Event of Default" (as defined below in Article IV) has occurred, Trustor shall collect the Rents.

The real property described in Sections 1.1 and 1.2 above is referred to in this Deed of Trust as the "Real Property."

1.3.    <u>Personal Property</u>.  Trustor grants a security interest to Beneficiary in, and assigns to Beneficiary, all of the Trustor's right, title and interest in and to the following property and all proceeds of such property, which Trustor now owns or may acquire later:

(a)    all goods and tangible personal property located on the Real Property or wherever located if used or useable in connection with the use, operation or occupancy of the Real Property, including, without limitation, all appliances, furniture and furnishings, fittings, materials, supplies, equipment, inventory, fixtures and building materials, whether stored on the Real Property or elsewhere;

(b)    all general intangibles relating to the design, development, operation, management and use of the Real Property and construction of the Improvements, including, without limitation, (i) all names, marks and symbols under which or by which the Real Property may at any time be operated or known or have a right to be operated or known, all licenses and related rights to use such names, marks and symbols, all rights to carry on business under any such names or any variant of such names, and all goodwill in any way relating to the Real Property, (ii) all permits, licenses, authorizations, variances, land use entitlements, approvals and consents issued or obtained in connection with the construction of the Improvements or the use, occupancy or operation of the Real Property, (iii) all rights as a declarant (or its equivalent) under any covenants, conditions and restrictions or other matters of record affecting the Real Property, (iv) all materials prepared for filing or filed with any governmental agency, (v) all rights under any contract entered into with contractors, architects, designers, engineers, consultants, managers, franchisers, operators, brokers and similar persons in connection with the development, design, use, operation, maintenance, improvement, management and construction of the Real Property, and (vi) all warranties in connection with any part of the Property;

(c)    all architectural drawings, plans, specifications, soil tests and reports, feasibility studies, appraisals, engineering reports, financial analyses and reports and similar materials relating to the Real Property;

(d)    all payment and performance bonds or guarantees relating to the Real Property;

(e)    all reserves, deferred payments, deposits, refunds (including, without limitation, tax and insurance refunds), costs savings and payments of any kind relating to the construction, design, development, operation, occupancy, use and disposition of the Real Property;

(f)    all proceeds and claims arising on account of any damage to or taking of the Property, including, without limitation, claims under insurance policies, and all causes of action and recoveries for any loss or diminution in the value of the Property;

(g)    all policies of insurance relating to the Property, irrespective of whether Beneficiary requires Trustor to obtain or maintain such policies, all riders, amendments, renewals, supplements or extensions of such policies; the right to assert, prosecute and settle claims under such policies; the right to receive payments of proceeds of such policies; and all judgments, claims, compensation, awards, settlements and proceeds of or with respect to any of the foregoing;

(h)    all deposits made with or other security given to utility companies or governmental entities by Trustor with respect to the Real Property, and all advance payments of insurance premiums made by Trustor with respect to the Real Property;

(i)    all shares of stock or other evidence of ownership of any part of the Property that is owned by Trustor in common with others, including all water stock relating to the Real Property, if any, and all documents or rights of membership in any owners' or members' association or similar group having responsibility for managing or operating any part of the Real Property;

(j)    all instruments, general intangibles, rights to payment, contract rights, chattel paper and documents;

(k)    all proceeds, whether cash, instruments, promissory notes, contract rights or otherwise, of the sale or other disposition of all or any part of the estate of Trustor upon the Property;

(l)    all sales contracts, escrow agreements, and broker's agreements concerning the sale of the Property;

(m)    all of the rents, leases, issues, profits, royalties, income, rights to payment, deposits, receipts and proceeds generated by the use and occupancy of the Property to the extent such are not Rents or otherwise deemed to be real property, and all "accounts" (as defined in the California Uniform Commercial Code) generated from the use and operation of the Property to which Trustor may be entitled, whether now due, past due or to become due;

(n)    all deposit accounts or related rights to receive payment from depositories or institutions into which Trustor deposits (i) the Rents, (ii) any other income derived from the Property described under Section 1.3(n) above, (iii) any security deposits or other monies paid to Trustor or Trustor's property manager whether pursuant to the terms of a Lease or otherwise, (iv) any other amounts described in Sections 1.1, 1.2 or 1.3 and any proceeds

of any such amounts, or (v) amounts required by Beneficiary to be deposited or which Trustor agrees to deposit in connection with the obligations secured by this Deed of Trust; and

(o)    all records regarding the ownership, operation, maintenance, improvement and financing of the Property, whether written or maintained on computer or as part of computer software.

The property described in this Section 1.3 is referred to in this Deed of Trust as the "Personal Property."  The Real Property and the Personal Property are collectively referred to as the "Property."

1.4.    <u>Fixture Filing</u>.  The personal property in which Beneficiary has a security interest includes goods which are or shall become fixtures on the Land or Improvements.  This Deed of Trust is intended to serve as a fixture filing pursuant to the terms of the California Uniform Commercial Code.  This filing shall remain in effect as a fixture filing until this Deed of Trust is released or satisfied of record or its effectiveness otherwise terminates as to the Property.  In that regard, the following information is provided:

| | |
|---|---|
| Name of Debtor: | The Phineas Group, LLC |
| Address of Debtor: | See Section 5.5 below. |
| Name of Secured Party: | USAM I Fund, LLC |
| Address of Secured Party: | See Section 5.5 below. |

1.5.    <u>Obligations Secured</u>.  The grants, transfers, assignments and security interests made and granted in Sections 1.1, 1.2 and 1.3 are for the purpose of securing, in such order of priority as Beneficiary may determine:

(a)    the payment of all amounts owing under the Promissory Note of this date in the principal amount of $350,000 made by Trustor and payable to the order of Beneficiary and any renewals, extensions, substitutions or modifications of such promissory note (the "Note");

(b)    performance of and compliance with all of the terms and conditions of each agreement of Trustor contained in this Deed of Trust and any modifications or substitutions of this Deed of Trust, or in any loan agreement, security agreement or any other instrument executed by Trustor for the purpose of evidencing or securing the indebtedness evidenced by the Note (collectively, together with this Deed of Trust and the Note, the "Loan Documents");

(c)    subject to Section 4.8 below, payment of all amounts advanced or costs incurred by Beneficiary pursuant to the terms of this Deed of Trust or any other Loan Document, together with interest on all such amounts advanced or incurred from the date advanced or incurred at the "Default Rate" (as defined in the Note) as provided in Section 5.15 below; and

(d)      the payment of such additional sums and the performance of all other obligations now or later owing from Trustor to Beneficiary, whether otherwise secured or not, payable to or otherwise acquired by Beneficiary, when the instrument evidencing such obligation recites that it is intended to be secured by this Deed of Trust.

Trustor acknowledges that neither Trustor's obligations under the Environmental Indemnity of this date executed by Trustor in favor of Beneficiary (the "Environmental Indemnity") nor the obligations of any guarantor or surety under any guaranty or other surety instrument delivered to Beneficiary for the purpose of guaranteeing Trustor's obligations under the Note is secured by this Deed of Trust.

## ARTICLE II
## TRUSTOR'S COVENANTS

2.1.    <u>Condition of Property</u>.  Trustor shall maintain and preserve the Property and the adjoining sidewalks and grounds in good condition and repair and in a prudent and businesslike manner, and shall not commit or permit any waste to or deterioration of the Property.    Trustor shall undertake all acts reasonably necessary to protect and preserve Beneficiary's security under this Deed of Trust.

2.2.    <u>Alteration of Improvements</u>.    Trustor shall not remove, demolish or structurally alter any Improvement or permit or suffer the same to be done, except such alterations as may be required by laws, ordinances, rules, regulations or orders of governmental authorities or by the terms of any Loan Document.  Trustor shall complete promptly and in a good and workmanlike manner any Improvement which may be constructed on the Property and promptly restore in like manner any Improvement which may be damaged or destroyed by any cause whatsoever.

2.3.    <u>Compliance With Laws</u>.  Trustor shall comply with all laws, ordinances, rules, regulations and orders of any governmental authority affecting the Property or requiring any alterations or improvements to be made, except as provided in Section 5.3 below.  Trustor shall not commit, suffer or permit any act to be done with respect to the Property in violation of any law or ordinance, or any covenant, condition or restriction affecting the Property.

2.4.    <u>Liens</u>.  Except as provided below, Trustor shall not suffer any liens or encumbrances to attach to the Property, and shall promptly pay and promptly discharge, at Trustor's sole cost and expense, all liens and other encumbrances affecting the Property, except those items shown on Schedule B of the policy of title insurance issued to Beneficiary insuring the enforceability and priority of this Deed of Trust and taxes and assessments not delinquent. The existence of any mechanic's, laborer's, materialman's, supplier's, vendor's or statutory lien or right to any such lien shall not constitute a violation of this Section if payment is not yet due under the contract, obligation, or statute which is the foundation of such lien or if Trustor is contesting in good faith the validity of any such lien or other encumbrance pursuant to Section 5.3 below.

2.5.    <u>Hazardous Materials</u>.

(a)    Trustor (i) shall keep and maintain the Property in compliance with, and shall not cause or permit a violation of, any "Hazardous Materials Laws" (as defined below) on or about the Property, and (ii) shall not permit its tenants to engage in any activity on or about the Property in violation of any Hazardous Materials Law.

(b)    Trustor shall immediately advise Beneficiary in writing of (i) any enforcement, cleanup, removal or other governmental or regulatory actions threatened or instituted with respect to the Property pursuant to any Hazardous Materials Law; (ii) any claim made or threatened by any third party against Trustor or the Property relating to damage, contribution, cost recovery, compensation, loss or injury resulting from the existence or threatened existence of any "Hazardous Materials" (as defined below) (the matters set forth in clauses (i) and (ii) above are referred to as "Hazardous Materials Claims"); and (iii) Trustor's discovery of any occurrence or condition on any real property adjoining or in the vicinity of the Property that could cause the Property to be classified as "border-zone property" under the provisions of California Health and Safety Code, Sections 25220 et. seq. or any related regulation, or to be otherwise subject to any restrictions on the ownership, occupancy, transferability or use of the Property under any Hazardous Materials Laws.

(c)    Beneficiary shall have the right to join and participate in, as a party if it so elects, any legal proceedings or actions initiated in connection with any Hazardous Materials Claims if Beneficiary, in its reasonable judgment, believes such joinder or participation to be necessary to ensure the timely repayment of the obligations secured by this Deed of Trust, or to protect the security of this Deed of Trust or Beneficiary from incurring liability in connection with any Hazardous Materials Claim.  Trustor shall pay Beneficiary's reasonable attorneys' fees incurred in connection with any such proceeding.  Trustor shall be solely responsible for, and shall indemnify and hold harmless Beneficiary, its directors, officers, employees, agents, successors and assigns from and against, any loss, damage, cost, expense, claim or liability directly or indirectly arising out of or attributable to the use, generation, storage, release, threatened release, discharge or disposal or presence of Hazardous Materials on or about the Property, including, without limitation: (i) all reasonably foreseeable consequential damages incurred by Beneficiary; (ii) the costs of any required or necessary repair, cleanup or detoxification of the Property and the preparation and implementation of any closure, remedial or other required plans; and (iii) all reasonable costs and expenses incurred by Beneficiary in connection with clauses (i) and (ii), including, without limitation, reasonable attorneys' fees.

(d)    Trustor shall promptly undertake all necessary remedial work ("Remedial Work") in response to any Hazardous Materials Claims or the actual or threatened presence or release of any Hazardous Materials on or about the Property.  All Remedial Work shall be conducted (i) in a diligent and timely fashion by licensed contractors acting under the supervision of a consulting environmental engineer; (ii) pursuant to a detailed written plan for the Remedial Work approved by each agency or person whose approval is legally required or who has a legal or contractual right to such approval; and (iii) only following receipt of any required permits, licenses or approvals.  Trustor shall not undertake any Remedial Work or enter into any settlement agreement, consent decree, or other compromise in respect of any Hazardous Materials Claim without Beneficiary's prior written consent, which consent shall not be

unreasonably withheld or delayed.  Notwithstanding the foregoing sentence, Beneficiary's prior written consent shall not be necessary if the presence of Hazardous Materials on or about the Property either poses an immediate threat to the health or safety of any person or is of such a nature that an immediate remedial response is necessary and it is not possible to obtain Beneficiary's consent before taking such action.  In any such event, Trustor shall notify Beneficiary as soon as practicable of any action so taken.  Trustor shall submit to Beneficiary, promptly upon receipt or preparation, copies of all reports, studies, analyses, correspondence, governmental comments or approvals, proposed removal or other Remedial Work contracts and similar information prepared or received by Trustor in connection with any Remedial Work or Hazardous Materials relating to the Property.  Trustor shall pay Beneficiary's reasonable fees and costs incurred in connection with monitoring or review of the Remedial Work.

        (e)        The obligations of Trustor and the rights of Beneficiary under this Section 2.5 are in addition to and not in substitution of the obligations of Trustor and the rights of Beneficiary under any applicable Hazardous Materials Law.  Beneficiary's rights and Trustor's obligations under Section 2.5(c) above shall survive the repayment of the loan evidenced by the Note, the reconveyance of the lien of this Deed of Trust, foreclosure under this Deed of Trust and Beneficiary's acceptance of a deed in lieu of such foreclosure.

        (f)        For purposes of this Deed of Trust, the following terms have the following meanings:

        "Hazardous Materials" means (i) any chemical, compound, material, mixture or substance that is now or hereafter defined or listed in, or otherwise classified pursuant to, any "Hazardous Materials Law" (as defined below) as a "hazardous substance," "hazardous material," "hazardous waste," "extremely hazardous waste," "acutely hazardous waste," "radioactive waste," "infectious waste," "biohazardous waste," "toxic substance," "pollutant," "toxic pollutant," "contaminant," as well as any formulation not mentioned herein intended to define, list, or classify substances by reason of deleterious properties such as ignitability, corrosivity, reactivity, carcinogenicity, toxicity, reproductive toxicity, "EP toxicity," or "TCLP toxicity"; (ii) petroleum or petroleum derivatives, natural gas, natural gas liquids, liquified natural gas, synthetic gas usable for fuel (or mixtures of natural gas and such synthetic gas) and ash produced by a resource recovery facility utilizing a municipal solid waste stream, and drilling fluids, produced waters and other wastes associated with the exploration, development or production of crude oil, natural gas, or geothermal resources; (iii) "hazardous substance" as defined in Section 25281(f) of the California Health and Safety Code; (iv) asbestos in any form; (v) urea formaldehyde foam insulation; (vi) transformers or other equipment that contain dielectric fluid containing levels of polychlorinated biphenyls (PCBs) in excess of fifty (50) parts per million; (vii) radon; and (viii) any other chemical, material, or substance that, because of its quantity, concentration, or physical or chemical characteristics, exposure to which is limited or regulated for health and safety reasons by any governmental authority, or that poses a significant present or potential hazard to human health and safety or to the environment if released into the workplace or the environment.

        "Hazardous Materials Laws" means all present and future federal, state and local laws, ordinances, regulations, permits, guidance  documents, policies, decrees, orders and any other requirements, whether statutory, regulatory or contractual, of governmental

authorities relating to health, safety, the environment or the use, handling, disposal or transportation of any Hazardous Materials (including, without limitation, the Comprehensive Environmental Response, Compensation and Liability Act of 1980, the Resource Conservation Recovery Act, the Clean Water Act, the Clean Air Act, and the applicable provisions of the California Health and Safety Code and the California Water Code, as each such statute may from time to time be amended, and the rules, regulations, and guidance documents promulgated pursuant to any such statute).

2.6.    <u>Indemnity and Reimbursement</u>.  Trustor shall defend, indemnify and hold Beneficiary or any affiliate of Beneficiary harmless from any loss, damage, cost, expense, claim or liability arising out of Beneficiary's interest under this Deed of Trust or in connection with the Property and shall appear in and defend any action or proceeding which purports to affect Beneficiary's interests relative to the loan evidenced by the Note or the rights, powers and duties of Trustee. In addition, Trustor shall pay upon demand, after expenditure, all sums expended for expenses paid or incurred by Trustee or Beneficiary pursuant to any of the terms of this Deed of Trust or in any action or proceeding in which Beneficiary or Trustee may appear or be made a party, whether or not pursued to final judgment, and in any exercise of any of the rights or remedies granted to Beneficiary by this Deed of Trust or any of the Loan Documents, whether or not any such right or remedy is exercised to completion.  Such expenses shall include, without limitation, court costs, expenses for evidence of title, appraisals, inspections and surveys and trustees' and attorneys' fees.  In addition, Trustor shall pay upon demand the ordinary and reasonable fees of Trustee in connection with any such action or proceeding.

2.7.    <u>Taxes and Impositions</u>.

(a)    Trustor shall pay, prior to delinquency all real and personal property taxes and assessments and all other taxes and assessments of any kind, including, without limitation, nongovernmental levies or assessments such as maintenance charges, owner association dues or charges and levies or charges resulting from covenants, conditions and restrictions affecting the Property, which are assessed or imposed upon the Property, or become due and payable, and which create or may create a lien upon any part of the Property (all such taxes, assessments and other charges are referred to in this Deed of Trust as "Impositions").

(b)    If at any time after the date of this Deed of Trust there shall be a license fee, tax or assessment imposed on Beneficiary and measured by or based in whole or in part upon the amount of the outstanding obligations secured by this Deed of Trust, then all such taxes, assessments or fees shall be deemed to be included within the term "Impositions" as defined in subsection (a) above, and Trustor shall pay and discharge such amounts upon Beneficiary's demand accompanied by a statement showing the calculation of the tax, assessment or fee.  Anything to the contrary in this Deed of Trust notwithstanding, Trustor shall have no obligation to pay any franchise, estate, inheritance, income, excess profits or similar tax levied on Beneficiary.

(c)    Upon Beneficiary's request, Trustor shall furnish Beneficiary official receipts of the appropriate taxing authority, or other proof satisfactory to Beneficiary, evidencing payment of the Impositions.

(d)     Upon Beneficiary's request, Trustor shall cause to be furnished to Beneficiary a tax reporting service covering the Property of a type, duration and with a company satisfactory to Beneficiary.

(e)     Trustor shall deposit with Beneficiary an amount equal to the number of months that have lapsed since the last payment of taxes were due and payable, multiplied by one-twelfth (1/12), to catch up on monthly installments to be applied toward the next payments of aggregate annual Impositions, and thereafter, monthly installments on the same date each "Monthly Payment" (as defined in the Note) becomes due, the amount equal to one-twelfth (1/12) of the estimated aggregate annual Impositions.  Trustor shall cause all bills, statements or other documents relating to Impositions to be sent or mailed directly to Beneficiary.  Upon receipt of such bills or statements, and providing Trustor has deposited sufficient funds with Beneficiary pursuant to this Section, Beneficiary shall pay such amounts as may be due under such bills or statements out of the funds so deposited with Beneficiary.  If at any time and for any reason the funds deposited with Beneficiary are or will be insufficient to pay such amounts as may then or subsequently be due, Beneficiary shall notify Trustor and Trustor shall promptly deposit an amount equal to such deficiency with Beneficiary. Notwithstanding the foregoing, nothing in this Deed of Trust shall cause Beneficiary to be deemed a trustee of such funds or to be obligated to pay any amounts in excess of the amount of funds deposited with Beneficiary pursuant to this Section.  Beneficiary may commingle such reserve with its own funds and Trustor shall not be entitled to interest on any amounts so held.  Upon the occurrence of an Event of Default, Beneficiary may apply any amounts held to any obligation secured by this Deed of Trust in any order that Beneficiary may determine or may hold any such amounts as security for any such obligation and shall have no obligation to apply such amounts to any particular obligation, including, without limitation, to the payment of Impositions.

2.8.    Utilities.  Trustor shall pay when due all utility charges which are incurred by Trustor for the benefit of the Property or which may become a lien against the Property, including, without limitation, all charges for gas, electricity, water or sewer services furnished to the Property and all other assessments or charges of a similar nature, whether public or private, affecting the Property, whether or not such taxes, assessments or charges are or may become a lien on the Property.

2.9.    Intentionally Omitted.

2.10.   Books and Records.  Trustor shall keep and maintain or cause to be kept and maintained at its place of business set forth in Section 5.5 below, proper and accurate books, records and accounts reflecting all items of income and expense in connection with the operation of the Property, whether such income and expenses are realized by Trustor or by any other person or entity.  Beneficiary or its designees shall have the right, from time to time upon reasonable notice during normal business hours, to examine such books, records and accounts at the office of Trustor or other person or entity maintaining such books, records and accounts and to make copies of any such books, records or accounts, and Trustor shall avail its officers, personnel and independent accountants to discuss the affairs, finances and accounts of Trustor with Beneficiary.  Trustor shall promptly inform Beneficiary of any change in the location of Trustor's principal office or books and records or any change in Trustor's name.

2.11.  <u>Insurance</u>.  Trustor shall provide, maintain, deliver to Beneficiary and keep in full force and effect:

(a)    policies of insurance insuring the Property against loss or damage by risks embraced in coverage of the type now known as the broad form of all-risk, extended coverage, in an amount not less than the full replacement cost of the Improvements (exclusive of the cost of excavations, foundations, and footings below the lowest basement floor); and with not more than $5,000 deductible from the loss payable for any casualty.  The policies of insurance carried in accordance with this subsection (a) shall contain the "Replacement Cost Endorsement;"

(b)    comprehensive public liability insurance (including coverage for elevators and escalators, if any on the Property, and, if any construction of new Improvements occurs after the execution of this Deed of Trust, completed operations coverage for two years after the construction of such Improvements has been completed) on an "occurrence basis" against claims for "personal injury," including, without limitation, bodily injury, death or property damage, occurring on, in or about the Property and the adjoining streets and sidewalks, or arising from or connected with the use, conduct or operation of Trustor's business or interest, in an amount of not less than $1,000,000 per occurrence and $4,000,000 in the aggregate with respect to personal injury or death of one or more persons and with respect to damage to property.  Beneficiary shall have the right from time to time to require an increase in the amount of coverage based on the standard practices in the industry and the risks involved in Trustor's business, operations or interest;

(c)    business interruption insurance or loss of "rental value" insurance in an amount not less than one year's income from the Property or otherwise in an amount satisfactory to Beneficiary;

(d)    insurance against damage by flood or similar occurrences in the event such insurance is available pursuant to the provisions of the Flood Disaster Protection Act of 1973 or other applicable legislation, such insurance to be in an amount equal to the lesser of one hundred percent of the insurable value of the Property or the maximum amount obtainable under such legislation; and

(e)    such other insurance against such risks or hazards, or other risks and hazards, and in such amounts, as may from time to time be reasonably required by Beneficiary, including, without limitation, policies insuring against earthquakes or other specified hazards affecting Beneficiary's security as may be required by governmental regulations, or as may be reasonably available for improvements similar to the Improvements located in the same locality as the Property.

All policies of insurance shall be with companies approved by Beneficiary, shall contain the Standard NonContributory Mortgagee Clause and the Standard Lenders' Loss Payable Clause, or their equivalents, in favor of Beneficiary, and shall provide that the proceeds thereof shall be payable to Beneficiary to the extent of its interest.  In the event of the foreclosure of this Deed of Trust or other transfer of title to the Property in extinguishment, in whole or in part, of the indebtedness secured by this Deed of Trust, all right, title and interest

of Trustor in and to any insurance policy then in force shall pass to the purchaser or grantee. Upon Beneficiary's demand, Trustor shall furnish Beneficiary with the original of each policy required to be obtained under this Section.  Each insurance policy shall provide that it shall not be modified or canceled without 30 days' prior written notice to Beneficiary.  Trustor shall furnish Beneficiary with receipts for the payment of premiums of such insurance policies or other evidence of such payment reasonably satisfactory to Beneficiary.  If Trustor does not deliver to Beneficiary evidence of payment of the premium for each insurance policy required under this Deed of Trust at least 30 days prior to the expiration of any expiring policy, then Beneficiary may, but shall not be obligated to, procure such insurance and Trustor shall pay the premiums promptly upon demand.  Beneficiary shall not by the fact of approving, disapproving, accepting, preventing the obtaining or failing to obtain any such insurance, incur any liability for the form or legal sufficiency of insurance contracts, solvency of insurers, or payment of losses, and Trustor assumes full responsibility for such matters and any resulting liability.

Trustor shall deposit with Beneficiary an amount equal to the number of months that have lapsed since the last installments of aggregate annual insurance premiums on all policies required by this Deed of Trust became due, multiplied by one-twelfth (1/12), to catch up on monthly installments to be applied toward the next payments of aggregate annual insurance premiums, and thereafter, monthly installments on the same date each Monthly Payment becomes due, the amount equal to one-twelfth (1/12) of the estimated aggregate annual insurance premiums on all policies required by this Deed of Trust.  Trustor shall cause all bills, statements or other documents relating to such insurance premiums to be sent or mailed directly to Beneficiary.  Upon receipt of such bills or statements, and providing Trustor has deposited sufficient funds with Beneficiary pursuant to this Section, Beneficiary shall pay such amounts as may be due under such bills or statements out of the funds so deposited with Beneficiary.  If at any time and for any reason the funds deposited with Beneficiary are or will be insufficient to pay such amounts as may then or subsequently be due, Beneficiary shall notify Trustor and Trustor shall promptly deposit an amount equal to such deficiency with Beneficiary. Notwithstanding the foregoing, nothing contained in this Deed of Trust shall cause Beneficiary to be deemed a trustee of such funds or to be obligated to pay any amounts in excess of the amount of funds deposited with Beneficiary pursuant to this Section.   Beneficiary may commingle such reserve with its own funds and Trustor shall not be entitled to interest on any amounts so held.

2.12.   Casualties; Insurance Proceeds.  Trustor shall give prompt written notice to Beneficiary of any casualty to the Property resulting in damage in an amount greater than $10,000, whether or not such casualty is covered by insurance.  In the event of such casualty, all proceeds of insurance shall be payable to Beneficiary and Trustor authorizes and empowers Beneficiary, at Beneficiary's option and in Beneficiary's reasonable discretion as attorney-in-fact for Trustor, to make proof of loss, to adjust and compromise any claim under insurance policies, to appear in and prosecute any action arising from such insurance policies, to collect and receive insurance proceeds, and to deduct from such proceeds Beneficiary's expenses incurred in their collection.  In the event of any damage to or destruction of the Improvements, so long as no Event of Default has occurred and is continuing or no event has occurred and is continuing which, with the passage of time or the giving of notice, or both, would become an Event of Default, Beneficiary shall hold the balance of such proceeds to be used to reimburse Trustor for

11

the costs of reconstruction of the Improvements if all of the following conditions are satisfied within 60 days from the date of the damage or destruction:

(a)    Trustor satisfies Beneficiary that after the reconstruction is completed, the value of the Property as reasonably determined by Beneficiary, will be not less than the value of the Property set forth in the appraisal on which Beneficiary based its decision to make the loan evidenced by the Note;

(b)    In Beneficiary's reasonable judgment, such insurance proceeds are sufficient to pay all costs of reconstruction of the Improvements, including make the payments required under the Note; or if such proceeds are not sufficient, Trustor deposits additional funds with Beneficiary sufficient to pay such additional costs of reconstructing the Improvements;

(c)    Beneficiary reasonably determines that the damage or destruction can be repaired or restored and the Property as repaired or restored will comply with all applicable laws;

(d)    Trustor has delivered to Beneficiary final plans and specifications for the repair or restoration of the Property which shall have received all governmental approvals and a construction contract for the work of reconstruction, both in form and content reasonably satisfactory to Beneficiary and with a contractor reasonably satisfactory to Beneficiary;

(e)    Beneficiary has received and approved (i) a budget of all costs of repair or restoration and (ii) a construction schedule for such repair or restoration; and

(f)    Beneficiary has determined that after the work of reconstruction is completed, the Property will produce income sufficient to pay all costs of operations and maintenance of the Property with a reasonable reserve for repairs, and service all debts secured by the Property.

Trustor shall promptly and diligently restore the Improvements to the equivalent of their condition immediately prior to the casualty or to such other improved condition as is necessary to comply with the requirements of this Deed of Trust or any applicable governmental entity. Disbursements of such insurance proceeds shall be in accordance with Beneficiary's customary construction loan disbursement procedures.  Any proceeds held by Beneficiary upon Trustor's failure to satisfy the conditions to disbursement within the time allowed above or those proceeds not required to reconstruct the Improvements, shall be applied to the obligations outstanding under the Note.  If after applying the insurance proceeds to the payment of the sums secured by this Deed of Trust, Beneficiary reasonably determines the remaining security to be inadequate to secure the remaining indebtedness in light of Beneficiary's standards in underwriting the loan evidenced by the Note, Trustor shall, upon written demand from Beneficiary, prepay such an amount of the loan evidenced by the Note as will reduce the principal amount outstanding under the Note to an amount for which Beneficiary's security is adequate.

2.13.    <u>Condemnation and Other Awards</u>.    Trustor shall give prompt notice to Beneficiary of the institution or threatened institution of any condemnation proceeding affecting the Property.  Trustor shall undertake such acts as shall be reasonably necessary to protect its rights in any such proceeding and shall cause any awards or settlements to be paid over to

Beneficiary. Trustor may be the nominal party in such proceeding but Beneficiary shall be entitled to participate in and to control such proceeding and to be represented by counsel of its choice, and Trustor shall deliver, or cause to be delivered, to Beneficiary such instruments as may be requested by it from time to time to permit such participation. If any part of the Property is taken or diminished in value, or if a consent settlement is entered, by or under threat of such proceeding, Trustor assigns to Beneficiary any award or settlement payable to Trustor by virtue of its interest in the Property to be held by Beneficiary, in trust, subject to the lien and security interest of this Deed of Trust. Any such award or settlement shall be first applied to reimburse Beneficiary for all costs and expenses, including reasonable attorneys' fees, incurred in connection with the collection of such award or settlement. Beneficiary shall disburse or apply, as applicable, the balance of the award or settlement upon the satisfaction of, or failure the failure to satisfy, the same conditions to the disbursement of insurance proceeds set forth in Section 2.12 above within 60 days after the payment of the award or settlement. If after applying the proceeds of any award or settlement to the payment of the sums secured by this Deed of Trust, Beneficiary reasonably determines the remaining security to be inadequate to secure the remaining indebtedness in light of Beneficiary's standards in underwriting the loan evidenced by the Note, Trustor shall, upon written demand from Beneficiary, prepay such an amount of the loan evidenced by the Note as will reduce the principal amount outstanding under the Note to an amount for which Beneficiary's security is adequate.

2.14.    Transfer.    Trustor agrees that if any "Transfer" (as defined below) occurs without the prior written consent of Beneficiary, Beneficiary shall have the right at its option, without prior demand or notice, to declare all sums secured by this Deed of Trust immediately due and payable. Beneficiary's consent to one such transaction shall not be deemed to be a waiver of the right to require consent to future or successive transactions. Beneficiary may grant or deny such consent in its sole discretion. "Transfer" shall mean (a) the sale, agreement to sell, transfer or conveyance of the Property, or any portion of or interest in the Property, including, without limitation, air rights and development rights, whether voluntary, involuntary, by operation of law or otherwise, or the lease of all or substantially all of the Property, but shall not include the conveyance of easements, licenses or leases reasonably necessary for the operation of the Improvements, or the repair or replacement of any personal property in the ordinary course of business; (b) any transfer by way of security, including the placing or permitting the placing on the Property of any mortgage, deed of trust, assignment of rents or other security device; and (c) if Trustor, or any person owning directly or indirectly through one or more entities any interest in Trustor (individually and collectively a "Principal"), is a partnership, limited liability company, joint venture, trust, closely-held corporation or other entity, the issuance, sale, conveyance, transfer, disposition or encumbering of any class of the currently issued and outstanding stock or other beneficial interests of Trustor or any Principal, or a change of any general partner or any joint venturer of Trustor or any Principal, either voluntarily, involuntarily, or otherwise. For purposes of this section, "closely-held corporation" shall mean any corporation not listed on a national or regional stock exchange.

2.15.    Lien Subrogation.    As further security, Beneficiary shall be subrogated to all liens superior to this Deed of Trust, whether or not released of record, to the extent paid out of the proceeds of the loan secured by this Deed of Trust.

2.16.  <u>Tests and Studies</u>.

(a)    Trustor agrees to permit Beneficiary and any prospective bidder at any foreclosure sale and their respective agents and contractors to enter upon the Property for the purpose of conducting such tests, inspections, studies, surveys and other information gathering activities (collectively, the "Tests and Studies") with respect to the Property as any of them may reasonably deem necessary or appropriate, including, without limitation, Tests and Studies with respect to the structural integrity of the Improvements, the presence of Hazardous Materials in or around the Property, the occurrence of any violation of any Hazardous Material Law in or around the Property and the status of leasing and occupancy of the Improvements.  Except in case of an emergency, or when Trustor or any tenant has abandoned the Property, or if it is impracticable to do so, Beneficiary shall give Trustor reasonable advance notice of Beneficiary's intent to enter the Property and enter the Property only during normal business hours.  Trustor agrees to fully cooperate with such parties in their efforts to conduct the Tests and Studies, and further agrees to make available such portions of the Property as any of them may designate.  If Beneficiary or any such person is refused the right of entry and inspection by Trustor or any tenant of the Property, or is otherwise unable to enter and conduct Tests and Studies on the Property without a breach of peace, Beneficiary may obtain an order from a court of competent jurisdiction, the appointment of a receiver, or both, to enable Beneficiary or such other persons to exercise the rights under this Section.  Such rights and remedies are in addition to its rights and remedies under Section 564(c) of the California Code of Civil Procedure and Section 2929.5 of the California Civil Code.

(b)    Trustor authorizes Beneficiary to make available to any party (including, without limitation, any governmental authority and any prospective bidder at any foreclosure sale of the Property), all information which Beneficiary may have with respect to the Property, whether provided by Trustor or any third party or obtained as a result of Tests and Studies, including, without limitation, environmental reports, surveys and engineering reports.  Trustor consents to Beneficiary's notifying any party (either as part of a notice of sale or otherwise) of the availability of any of the Tests and Studies and the information contained in them.  Trustor acknowledges that Beneficiary cannot control or otherwise assure the truthfulness or accuracy of the Tests and Studies, and that the release of Tests and Studies, or any information contained in them, to prospective bidders at any foreclosure sale of the Property may have a material and adverse effect upon the amount which a party may bid at such sale.  Trustor agrees that Beneficiary shall have no liability as a result of delivering any of the Tests and Studies or any information contained in them to any third party, and Trustor releases Beneficiary from all claims, damages or causes of action arising out of or incidental to the Tests and Studies or their delivery.

(c)    The provisions of California Civil Code Section 2929.5(c) to the contrary notwithstanding, all costs and expenses incurred by Beneficiary pursuant to this Section, including, without limitation, costs of consultants and contractors, costs of repair of any physical injury to the Property customarily incurred during the conduct of the Tests and Studies, court costs and attorneys' fees, whether incurred in litigation or not and whether before or after judgment, shall be payable by Trustor and, to the extent advanced or incurred by Beneficiary, shall be reimbursed to Beneficiary by Trustor upon demand.  It is the parties' intention that the provisions of California Civil Code Section 2929.5(c) apply only to the cost of repair of physical

injury to the Property not reasonable or necessary to the conducting of the Tests and Studies in accordance with normal and customary procedures.

2.17.    Reporting.

(a)    Trustor shall furnish the following information, reports and notices to Beneficiary in form and substance reasonably satisfactory to Beneficiary:

(i)    as soon as available but in no event later than 30 days after the end of each of the first three quarters of each fiscal year, an operating statement of the Property's income and expenses for such quarter comparing such operating results to those for the same quarter in the previous year, all in reasonable detail, accompanied by the certificate of a representative of Trustor reasonably satisfactory to Beneficiary stating that the operating statement has been prepared in accordance with generally accepted accounting principles, consistently applied, and that such operating statement fairly presents the results of operations for the Property for such quarter;

(ii)    as soon as available but in no event later than 30 days after the end of each quarter of Trustor's fiscal year, a rent roll for the Property as of the end of such quarter showing for each tenant of space in the Property, such tenant's name, suite or space occupied, amount of space occupied, amount of rent being paid, expiration of tenancy, date to which rent is paid and such other information as Beneficiary shall reasonably require, accompanied by the certificate of a representative of Trustor reasonably satisfactory to Beneficiary stating that the information contained in such rent roll is correct and complete;

(iii)    promptly upon the occurrence of an Event of Default or any event which, with the giving of notice or the lapse of time, or both, would become an Event of Default, notice to Beneficiary of the occurrence of such Event of Default or other event;

(iv)    promptly upon Trustor's awareness, the existence of any legal or regulatory proceeding or any other event concerning Trustor, the Property, any tenant of space in the Property or any surety of or pledgor of collateral for the loan evidenced by the Note which, if adversely determined, would have a material adverse effect upon the financial condition of such person or materially and adversely affect such person's ability to perform its obligations under any of the Loan Documents; and

(v)    all other information, reports and notices relating to the Property and Trustor that Beneficiary shall reasonably request.

(b)    If Trustor fails to furnish promptly any information or report required by Sections 2.17(a) above or any other person fails to furnish promptly any information or report required by any other provision of any of the Loan Documents, or if Beneficiary reasonably determines such reports to be unacceptable, Beneficiary may elect (in addition to exercising any other right or remedy it has under the Loan Documents) to make an audit of all the books and records of Trustor or such other person and to prepare the information or report which Trustor or such other person failed to deliver.  Such audit shall be performed and such information or report shall be prepared by an independent firm of certified public accountants to be selected by Beneficiary.  Trustor shall pay all expenses of the audit and other related services.

## ARTICLE III
## LEASES AND RENTS

3.1.    <u>Covenants Regarding Leases</u>.

(a)    Trustor shall timely perform all of its obligations under the Leases and give prompt notice to Beneficiary of any material failure on its part to do so and of any claim made by any Lessee of any such failure by Trustor.

(b)    Trustor shall, short of termination, enforce, or secure in the name of Beneficiary the performance of, each obligation of a Lessee or guarantor under any Lease, and Trustor shall appear in and defend any action or proceeding arising out of the Leases. Upon request by Beneficiary after the occurrence and during the continuance of an Event of Default, Trustor will do so in the name and on behalf of Beneficiary but at the expense of Trustor. Trustor shall pay all costs and expenses of Beneficiary, including, without limitation, attorneys' fees, in any action or proceeding in which Beneficiary may appear.

(c)    Trustor shall neither receive nor collect any Rents from any Lessee for a period of more than one month in advance (whether in cash or by evidence of indebtedness), nor pledge or otherwise encumber or assign future payments of Rents, nor waive, discount, setoff, compromise or in any manner release or discharge any Lessee of or from any obligations under such Lessee's Lease.

(d)    Without obtaining, in each instance, the prior written consent of Beneficiary, Trustor shall not: modify, alter, cancel, terminate or consent to any surrender of any material Lease; commence any action of ejectment or any summary proceedings for dispossession of any Lessee of a material Lease; exercise any right of recapture provided in any material Lease; waive or release any Lessee of a material Lease or any guarantor of a material Lease from any obligation or condition to be performed by such Lessee or guarantor; or consent to any subletting of any material part of the Property, or to any assignment of any material Lease, or to any assignment or further subletting of any material sublease.

(e)    Trustor shall keep the Property leased at rental rates equal to or greater than prevailing market rental rates.

3.2.    <u>Survival</u>. The rights and powers of Beneficiary under the assignment of rents provided for above shall continue until expiration of the redemption period from any foreclosure sale under this Deed of Trust, whether or not any deficiency remains after a foreclosure sale.

3.3.    <u>Exculpation of Beneficiary</u>. The acceptance by Beneficiary of the assignment of the Rents provided for above with all of Beneficiary's rights under this Article III shall not, prior to entry upon and taking possession of the Property by Beneficiary, be deemed or construed to constitute Beneficiary a "mortgagee in possession" nor at any time obligate Beneficiary to appear in or defend any action or proceeding relating to the Leases, the Rents or the Property, or to take any action permitted under this Deed of Trust or to expend any money or incur any expenses or perform or discharge any obligation under any Lease or to assume any obligation or responsibility for any security deposits or other deposits delivered to Trustor by any

W:\WORKING\21903\03\W0087092.DOC v New

Lessee and not assigned and delivered to Beneficiary, nor shall Beneficiary be liable for any injury or damage to person or property sustained by any person in connection with the Property.

3.4.    <u>Waiver</u>.    Neither the collection of the Rents or their application by Beneficiary nor the entry upon and taking possession of the Property by Beneficiary shall be deemed to cure or waive any default or waive, modify or affect any notice of default under any of the other Loan Documents or invalidate any act done pursuant to any such notice.  The enforcement of any such right or remedy by Beneficiary, once exercised, shall continue for so long as Beneficiary shall elect, notwithstanding that the collection and application of the Rents may have cured the original default.  If Beneficiary shall after such enforcement elect to discontinue the exercise of any such right or remedy, the same or any other right or remedy under this Deed of Trust may be reasserted at any time and from time to time following any subsequent default.

3.5.    <u>Further Assignments</u>.  Trustor agrees to give Beneficiary at any time upon demand any further or additional form of assignment or transfer of the Rents or of the Leases, as may be requested by Beneficiary, and to deliver to Beneficiary Trustor's executed copies of all Leases.

**ARTICLE IV**
**EVENTS OF DEFAULT; REMEDIES**

4.1.    <u>Default</u>.    Any of the following events shall constitute an "Event of Default" under this Deed of Trust:

(a)    Trustor's failure to pay when due any installment of principal or interest under the Note or any other sum required to be paid by the terms of any Loan Document or secured by this Deed of Trust;

(b)    Trustor's failure to observe or perform its obligations under Section 2.5(a) above, or to pay tax obligations under Section 2.7 above, or to maintain the insurance required to be maintained under Section 2.11 above, the occurrence of any Transfer in violation of Section 2.14 above or the failure of Trustor to cooperate in making the Property available for Tests and Studies in violation of the provisions of Section 2.16 above;

(c)    the failure of Trustor, within 30 days following notice from Beneficiary, to observe or perform any covenant or other agreement contained in this Deed of Trust, other than those covenants and agreements set forth in Sections 4.1(a) and 4.(b) above; provided, however, that the notice and 30-day grace period set forth above shall apply only to a failure to observe or perform any covenant or other agreement which is reasonably susceptible of being cured; provided further, that should Trustor be unable to cure any such failure within such 30-day period despite beginning to cure such failure promptly after receipt of notice and prosecuting such attempt diligently during such 30-day period, the cure period shall be extended an additional 60 days so long as (i) Trustor continues diligently to prosecute the cure during such additional period and (ii) such failure does not materially and adversely affect Beneficiary or its rights under the Loan Documents;

(d)    any written representation, warranty or financial statement given by Trustor, any affiliate of Trustor or any surety of any of Trustor's obligations shall have been untrue in any material respect when given;

(e)    any of Trustor, any surety of any of Trustor's obligations or, if Trustor is a partnership, any of Trustor's general partners, shall be unable or shall admit in writing its inability to pay its debts when due, or shall make an assignment for the benefit of creditors; or any of them shall apply for or consent to the appointment of any receiver, trustee or similar officer for such person or for all or any substantial part of such person's property; or any of them shall institute (by petition, application, answer, consent or otherwise) any bankruptcy, insolvency, reorganization, arrangement, readjustment of debts, dissolution, liquidation, or similar proceedings relating to such person under the laws of any jurisdiction;

(f)    if a receiver, trustee or similar officer shall be appointed for any of Trustor, any surety of any of Trustor's obligations or, if Trustor is a partnership, any of Trustor's general partners, or for all or any substantial part of any such person's property without the application or consent of such person, and such appointment shall continue undischarged for a period of 60 days (whether or not consecutive); or any bankruptcy, insolvency, reorganization, arrangement, readjustment of debt, dissolution, liquidation or similar proceedings shall be instituted (by petition, application or otherwise) against any such person and shall remain undismissed for a period of 60 days (whether or not consecutive);

(g)    the Property or all or any substantial part of the assets of Trustor, any surety of any of Trustor's obligations or, if Trustor is a partnership, any of Trustor's general partners, shall become subject to attachment, execution or judicial seizure (whether by enforcement of money judgment, by writ or warrant of attachment, or by any other process), and any such attachment, execution or other seizure remains undismissed or undischarged for a period of 60 days after levy, or, in any event, later than ten days prior to the date of any proposed sale;

(h)    Trustor or any other person obligated shall be in default in the payment of any indebtedness or the performance of any other obligation secured by a lien on the Property, and such default is declared and is not cured within the time, if any, specified for such a cure in any applicable agreement; or

(i)    any of the Loan Documents, any guaranty of or surety obligation with respect to any of Trustor's obligations, any agreement or instrument securing any such guaranty or other suretyship obligation, the Environmental Indemnity or any letter of credit issued for Beneficiary's benefit shall cease to be a valid, binding and enforceable obligation of the person purported to be bound; or the lien of this Deed of Trust, any Loan Document securing any of Trustor's obligations or any security instrument securing any guaranty of Trustor's obligations shall cease to be a valid and enforceable lien on the property it purports to encumber or fail to have the priority represented or warranted by Trustor or such guarantor or otherwise stated in any title insurance policy issued to Beneficiary which insures the validity and priority of such lien; or Trustor shall assert such cessation or failure in writing.

4.2.    <u>Actions by Trustee or Beneficiary to Preserve Security</u>.    Upon the occurrence and during the continuance of an Event of Default, and irrespective of whether Beneficiary elects to accelerate the indebtedness evidenced by the Note as permitted in Section 4.3, Beneficiary and Trustee, each in its own discretion, without obligation to do so and without further notice to or demand upon Trustor and without releasing Trustor from any obligation, may undertake such acts with respect to the Property as either may deem reasonably necessary to protect Beneficiary's security under this Deed of Trust, including, without limitation, any acts required by this Deed of Trust to be undertaken by Trustor.    Without limiting their general powers, Beneficiary and Trustee shall have the right, but not the obligation, (a) to enter upon and take possession of the Property; (b) to make additions, alterations, repairs and improvements to the Property which they or either of them may consider necessary or proper to keep the Property in good condition and repair; (c) to appear and participate in any action or proceeding affecting or which may affect the security of this Deed of Trust or the rights or powers of Beneficiary or Trustee; (d) to pay, purchase, contest or compromise any encumbrance, claim, charge, lien or debt which in the judgment of either may affect or appear to affect the security of this Deed of Trust or be or appear to be superior to the lien of this Deed of Trust; (e) pay any expenses incurred or which, in Beneficiary's judgment, should be incurred in connection with the ownership, use and operation of the Property, including, without limitation, Impositions, insurance premiums and charges for utilities and maintenance; and (f) in exercising such powers, to pay necessary expenses and employ necessary or desirable consultants.

4.3.    <u>Remedies</u>.  Upon the occurrence of any Event of Default, Beneficiary may do any of the following:

(a)    terminate its obligation to disburse any amounts of the loan evidenced by the Note which remain undisbursed;

(b)    declare all sums secured by this Deed of Trust immediately due and payable without any presentment, demand, protest or notice of any kind;

(c)    collect the Rents and either in person or by agent, with or without bringing any action or proceeding, or by a receiver appointed by a court, and without regard to the adequacy of its security, enter upon and take possession of the Property, in its own name or in the name of Trustee, and do any acts which it deems necessary or desirable to preserve the value, marketability or rentability of the Property, make, modify, enforce, cancel or accept the surrender of any Lease, increase the income from any Lease or protect the security of this Deed of Trust and, with or without taking possession of the Property, sue for or otherwise collect the Rents, including those past due and unpaid, and apply them, less costs and expenses of operation and collection, including attorneys' fees, upon any indebtedness secured by this Deed of Trust, all in such order as Beneficiary may determine.  The entering upon and taking possession of the Property, the collection of the Rents and the application of them as provided for above shall not cure or waive any Event of Default or notice of default or invalidate any act done in response to an Event of Default or pursuant to such notice of default and, notwithstanding the continuance in possession of the Property or the collection, receipt and application of Rents, Trustee or Beneficiary shall be entitled to exercise every right provided for in any of the Loan Documents or by law upon occurrence of any Event of Default, including the right to exercise the power of sale provided below;

(d)    commence an action to foreclose this Deed of Trust or specifically enforce any of the covenants contained in this Deed of Trust;

(e)    exercise any of the remedies available to a secured party under the California Uniform Commercial Code in such order and in such manner as Beneficiary, in its sole discretion, may determine; provided, however, that the expenses of retaking, holding, preparing for sale or the like as provided in the Uniform Commercial Code shall include reasonable attorneys' fees and other expenses of Beneficiary and Trustee and shall be additionally secured by this Deed of Trust;

(f)    deliver to Trustee a written declaration of default and demand for sale, and a written notice of default and election to cause Trustor's interest in the Property to be sold;

(g)    exercise all other rights and remedies provided in this Deed of Trust, in any Loan Document, or provided by law; or

(h)    impose the Default Rate on all obligations secured by this Deed of Trust.

Upon request of Beneficiary, Trustor shall assemble and make available to Beneficiary at the Land any of the Property which is not located there.

4.4.    <u>Foreclosure By Power of Sale</u>.  Should Beneficiary elect to foreclose by exercise of the power of sale provided for in this Deed of Trust, Beneficiary shall notify Trustee and shall deposit with Trustee this Deed of Trust and the Note and such receipts and evidence of expenditures made and secured by this Deed of Trust as Trustee may require.

(a)    Upon receipt of such notice from Beneficiary, Trustee shall cause to be recorded, published and delivered to Trustor such Notice of Default and Election to Sell as may then be required by law and by this Deed of Trust.  Trustee shall, without demand on Trustor, after lapse of such time as may then be required by law and after recordation of such Notice of Default and after Notice of Sale having been given as required by law, sell the Property at the time and place of sale fixed by it in said Notice of Sale, either as a whole, or in separate lots or parcels or items as Trustee shall deem expedient, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States payable at the time of sale.  Trustee shall deliver to the purchaser or purchasers its good and sufficient deed or deeds conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness of such matters.  Any person, including, without limitation, Trustor, Trustee or Beneficiary, may purchase at such sale and Trustor covenants to warrant and defend the title of such purchaser or purchasers.

(b)    After deducting all costs, fees and expenses of Trustee and of this Deed of Trust, including costs of evidence of title and attorneys' fees of Trustee or Beneficiary in connection with the sale, Trustee shall apply the proceeds of sale in such order as Beneficiary shall determine in its sole and absolute discretion until satisfaction of all amounts owing under

20

the Loan Documents with the remainder, if any, to be paid to the person or persons legally entitled to any such amounts.

(c)      Trustee may postpone the sale of all or any portion of the Property by public announcement at the time and place of such sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement or subsequently noticed sale, and without further notice make such sale at the time fixed by the last postponement, or may, in its discretion, give a new notice of sale.

(d)      Trustor waives any right which it may have to direct the order in which any of the Property shall be sold in any sale made pursuant to the terms of this Deed of Trust.

4.5.    Rescission of Notice of Default.  Beneficiary, from time to time before any Trustee's sale as provided above, may rescind any notice of default and election to sell or notice of sale by executing and delivering to Trustee a written notice of such rescission, which such notice, when recorded, shall also constitute a cancellation of any prior declaration of default and demand for sale.  The exercise by Beneficiary of such right of rescission shall not constitute a waiver of any breach or default then existing or subsequently occurring, or impair the right of Beneficiary to execute and deliver to Trustee, as provided above, other declarations or notices of default and demand for sale of the Property to satisfy the obligations of this Deed of Trust, nor otherwise affect any provision, covenant or condition of any Loan Document or any of the rights, obligations or remedies of Trustee or Beneficiary under this Deed of Trust or any such Loan Document.

4.6.    Appointment of Receiver.  If an Event of Default shall have occurred and be continuing, Beneficiary, as a matter of right and without notice to Trustor or to anyone claiming under Trustor, and without regard to the then value of the Property or Trustor's interest in it, shall have the right to apply to any court having jurisdiction to appoint a receiver of the Property, and Trustor irrevocably consents to such appointment and waives notice of any application for any such receiver.  Any such receiver shall have all the usual powers and duties of a receiver in like or similar cases and all the powers and duties of Beneficiary in case of entry as provided in Section 4.2 above, and shall continue as such and exercise all such powers until the date of confirmation of the sale of the Property, unless such receivership is sooner terminated.

4.7.    Waiver of Lien.  In accordance with California Code of Civil Procedure Section 726.5, Beneficiary may waive its lien against the Property, to the extent any part of it is found to be environmentally impaired, and may exercise all rights and remedies of an unsecured creditor against Trustor and all of Trustor's assets and property for the recovery of any deficiency, including, without limitation, seeking an attachment order under California Code of Civil Procedure Section 483.010.  No such waiver shall be final or binding on Beneficiary until a final money judgment is obtained against Trustor.  As between Beneficiary and Trustor, for purposes of Section 726.5, Trustor shall have the burden of proving that the release or threatened release was not knowingly or negligently caused or contributed to, or knowingly or willfully permitted or acquiesced to by Trustor or any related party (or any affiliate or agent of Trustor or any related party) and that Trustor made written disclosure of any contamination to Beneficiary

21

or that Beneficiary otherwise obtained actual knowledge of such contamination prior to the making of the Loan. Notwithstanding anything to the contrary contained in this Deed of Trust or the other Loan Documents, Trustor shall be fully and personally liable for all judgments and awards entered against Trustor pursuant to Section 726.5 and shall not be limited to the original principal amount of the obligations secured by this Deed of Trust. For purposes of Section 726.5, the acts, knowledge and notice of each "726.5 Party" shall be attributed to and be deemed to have been performed by the party or parties then obligated on and liable for payment of the Note. As used herein, "726.5 Party" shall mean Trustor, any successor owner to Trustor of all or any portion of the Property, any related party of Trustor or any such successor and any affiliate or agent of Trustor, any such successor or any such related party.

4.8.    Action on Environmental Provisions.    Without limiting any of the remedies provided in the Loan Documents, Trustor agrees that Sections 2.5 and, to the extent applicable, 2.16 above and any representations given by Trustor, any affiliate of Trustor or any surety of any obligations of Trustor concerning the presence of Hazardous Materials on the Property or the Property's, Trustor's or such affiliate's or surety's compliance with or liability under any Hazardous Materials Law are "environmental provisions" (as defined in California Code of Civil Procedure Section 736(f)(2)) made by Trustor relating to the Real Property, and that Trustor's failure to comply with, or breach of warranty under, any such environmental provision is a breach of contract such that Beneficiary shall have the remedies provided under California Code of Civil Procedure Section 736 for the recovery of damages and for the enforcement of such environmental provisions. Trustor's obligation to pay costs, damages or liabilities incurred by Beneficiary but not permitted to be recovered pursuant to Section 736 shall not be secured by this Deed of Trust, irrespective of whether such amounts are included at any time for purposes of calculating the amount outstanding under the Note. Nothing provided in this Deed of Trust shall prevent Beneficiary from enforcing the Environmental Indemnity to recover costs, damages or liabilities not permitted to be recovered under Section 736. Notwithstanding any other provision of the Loan Documents, Beneficiary shall not be obligated to apply any amounts received at any time, whether from Trustor, any surety of Trustor's obligations, any purchaser of the Property at a foreclosure sale or any other source, to repay costs, damages or liabilities incurred by Beneficiary which arise out of the breach of any environmental provision and Beneficiary shall be free to apply any such amounts received so as to maximize the amount available to be recovered under any action being maintained or to be maintained pursuant to Section 736. Trustor waives any rights it may have, including the rights granted under California Civil Code Section 1479, to direct the application of payments made under the loan evidenced by the Note.

4.9.    Remedies Not Exclusive; Waiver.    Trustee and Beneficiary shall be entitled to enforce the payment and performance of any indebtedness or obligations secured by this Deed of Trust and to exercise all rights and powers under this Deed of Trust or under any other Loan Document or other agreement or any laws now or later in force, notwithstanding the fact that some or all of the indebtedness and obligations secured by this Deed of Trust may now or later be otherwise secured, whether by mortgage, deed of trust, pledge, lien, assignment or otherwise. Neither the acceptance of this Deed of Trust nor its enforcement, whether by court action or pursuant to the power of sale or other powers, shall prejudice or in any manner affect Trustee's or Beneficiary's right to realize upon or enforce any other security held by Trustee or Beneficiary. Trustee and Beneficiary shall be entitled to enforce this Deed of Trust and any

22

other security held by Beneficiary or Trustee in such order and manner as they may in their absolute discretion determine.  No remedy conferred in this Deed of Trust upon or reserved to Trustee or Beneficiary is intended to be exclusive of any other permitted remedy, but each shall be cumulative and shall be in addition to every other remedy permitted by law, contract or otherwise.  Every power or remedy given by any of the Loan Documents to Trustee or Beneficiary or to which either of them may be otherwise entitled, may be exercised, concurrently or independently, from time to time and as often as may be deemed expedient by Trustee or Beneficiary, and either of them may pursue inconsistent remedies.  By exercising or by failing to exercise any right, option or election under this Deed of Trust, Beneficiary shall not be deemed to have waived any provision of this Deed of Trust or to have released Trustor from any of the obligations secured by this Deed of Trust unless such waiver or release is in writing and signed by Beneficiary.  The waiver by Beneficiary of Trustor's failure to perform or observe any term, covenant, or condition referred to or contained in this Deed of Trust to be performed or observed by Trustor shall not be deemed to be a waiver of such term, covenant or condition or of any subsequent failure of Trustor to perform or observe the same or any other such term, covenant or condition referred to or contained in this Deed of Trust, and no custom or practice which may develop between Trustor and Beneficiary shall be deemed a waiver of or any way affect the right of Beneficiary to insist upon the performance by Trustor of the obligations secured by this Deed of Trust in strict accordance with the terms of such obligations or of any Loan Document.

## ARTICLE V
## MISCELLANEOUS

5.1.    <u>Successors</u>.  This Deed of Trust applies to, inures to the benefit of, and binds all parties and their successors and assigns.

5.2.    <u>Governing Law</u>.  The provisions of this Deed of Trust shall be construed according to the laws of the State of California.

5.3.    <u>Permitted Contests</u>.  Trustor may contest or object in good faith to the amount or validity of any tax, assessment, claim, demand, levy, lien, encumbrance, charge or notice of noncompliance asserted by a third party (collectively, the "Claim"), the nonpayment or nonperformance of which would be a default under this Deed of Trust, but only in accordance with the following conditions:

(a)    Trustor shall first give written notice to Beneficiary and deposit with Beneficiary a bond or cash satisfactory to Beneficiary in such amounts as Beneficiary shall reasonably require, up to 150% of the amount of any Claim or other sum in controversy, and, if the context of such Claim so requires, Trustor shall have provided such additional undertaking as may be required or permitted by law to accomplish a stay of any legal proceedings then pending in connection with any such Claim or controversy;

(b)    Trustor shall promptly and diligently proceed to cause such Claim to be settled and discharged in a manner not prejudicial to Beneficiary or its rights or security under this Deed of Trust;

(c)    if Trustor shall fail to discharge diligently any such Claim, then, in addition to any other right or remedy of Beneficiary, Beneficiary may, but shall not be obligated to, discharge the same, either by paying the amount claimed to be due, or by procuring the discharge of such Claim by promptly depositing in court a bond or the amount claimed or otherwise giving security for such Claim, or in such manner as is or may be prescribed by law;

(d)    Beneficiary may employ attorneys to protect its rights, and in the event of such employment, Trustor shall pay Beneficiary the reasonable attorneys' fees and expenses incurred by Beneficiary, whether or not an action is actually commenced against Trustor by reason of any default by Trustor under this Deed of Trust; and

(e)    Trustor has demonstrated to Beneficiary's reasonable satisfaction that no portion of the Property will be sold to satisfy any such Claim prior to final resolution of such Claim or permitted contest.

5.4.    <u>Severability</u>.  The invalidity of any provision of this Deed of Trust shall not affect the remaining portions of this Deed of Trust, and such remainder shall be construed as if the invalid provision had not been a part of this Deed of Trust.  If the lien of this Deed of Trust is invalid or unenforceable as to any part of the indebtedness secured by the this Deed of Trust, or if the lien is invalid or unenforceable as to any part of the Property, the unsecured or partially secured portion of such indebtedness shall be completely paid prior to the payment of the remaining and secured or partially secured portion of such indebtedness, and all payments made on such indebtedness, whether voluntary or under foreclosure or other enforcement action or procedure, shall be considered to have been first paid on and applied to the full payment of that portion of such indebtedness which is not secured or fully secured by the lien of this Deed of Trust.

5.5.    <u>Notices</u>.  Any notice, demand or request required under this Deed of Trust shall be given in writing at the addresses set forth below by personal service; facsimile; overnight courier; or registered or certified, first class mail, return receipt requested.

If to Trustor:

The Phineas Group, LLC
5000 Snapfinger Woods Drive, Suite B301
Decatur, Georgia 30035-4055
Attn: Leo E. Gray
Fax No.:_____

If to Beneficiary:

USAM I Fund, LLC
1310 RR 620 South C-15
Austin, TX 78734
Attn: Jack Lieberman
Fax No.:  (512) 617-9401

Such addresses may be changed by notice to the other parties given in the same manner as required above. Any notice, demand or request shall be deemed received as follows: (a) if sent by personal service, at the time such personal service is effected; (b) if sent by facsimile, upon the sender's receipt of a confirmation report indicating receipt by the recipient's facsimile machine; (c) if sent by overnight courier, on the business day immediately following deposit with the overnight courier; and (d) if sent by mail, three business days following deposit in the mail.

5.6.   <u>Indemnification Procedures</u>.

(a)   If Beneficiary notifies Trustor of any claim or notice of the commencement of any action, administrative or legal proceeding or investigation as to which Trustor's obligation to indemnify under this Deed of Trust applies, Trustor shall assume on behalf of Beneficiary or other person to be indemnified (each, an "Indemnitee"), and conduct with due diligence and in good faith, the investigation and defense of, and the response to, such claim, action, proceeding or investigation, with counsel reasonably satisfactory to the Indemnitee; provided, however, that such Indemnitee shall have the right to be represented by advisory counsel of its own selection and at its own expense; and provided, further, that if any such claim, action, proceeding, or investigation involves both Trustor and an Indemnitee, and such Indemnitee shall have reasonably concluded that there may be legal defenses available to it which are different from, additional to, or inconsistent with those available to Trustor, then the Indemnitee shall have the right to select separate counsel to participate in the investigation and defense of and response to such claim, action, proceeding or investigation on its own behalf at Trustor's expense.

(b)   If any claim, action, proceeding, or investigation arises as to which Trustor's duty to indemnify under this Deed of Trust applies, and Trustor fails to assume promptly (and in any event within ten days after being notified of the claim, action, proceeding, or investigation) the defense of an Indemnitee, then such Indemnitee may contest and settle the claim, action, proceeding, or investigation at Trustor's expense using counsel selected by such Indemnitee; provided, however, that after any such failure by Trustor no such contest need be made by such Indemnitee and settlement or full payment of any claim may be made by such Indemnitee without Trustor's consent and without releasing Trustor from any obligations to such Indemnitee under this Deed of Trust.

5.7.   <u>Waiver of Remedies</u>.   By accepting payment of any amount after its due date, or an amount which is less than the amount then due, or performance of any obligation required after the date required for such performance, Beneficiary does not waive its rights either to require prompt payment or performance when due of all other amounts or obligations, or to declare a default for the failure so to pay or perform.

5.8.   <u>Trustee's Powers</u>.   At any time, without liability for doing so and without notice, upon written request of Beneficiary and presentation of the original or certified copies of this Deed of Trust and the Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured by this Deed of Trust or the effect of this Deed of Trust upon the remainder of the Property, Trustee may (a) reconvey any part of the Property, (b) consent in writing to the making of any map or plat of the Property, (c) join in

25

granting any easement on the Property, or (d) join in any extension agreement or any agreement subordinating the lien of this Deed of Trust.

        5.9.    <u>Substitution of Trustee</u>.  Beneficiary may, from time to time, by a written instrument executed and acknowledged by Beneficiary and recorded in the county or counties where the Property is located, and by otherwise complying with the provisions of California Civil Code Section 2934a, or any successor section, substitute a successor or successors for the Trustee.

        5.10.    <u>Trust Irrevocable; No Offset</u>.  The trust created by this Deed of Trust is irrevocable by Trustor.  No offset or claim that Trustor now or may in the future have against Beneficiary shall relieve Trustor from paying any amounts due under the Loan Documents.

        5.11.    <u>Corrections and Further Assurances</u>.  Trustor shall, upon request of Trustee, promptly correct any defect, error or omission which may be discovered in the contents of this Deed of Trust or in its execution or acknowledgment, and will execute, acknowledge and deliver such further instruments and do such further acts as may be necessary or as may be reasonably requested by Trustee to carry out more effectively the purposes of this Deed of Trust, to subject to the lien and security interest of this Deed of Trust any of Trustor's properties, rights or interest covered or intended to be covered by this Deed of Trust, and to perfect and maintain such lien and security interest.

        5.12.    <u>Full Reconveyance</u>.  Upon written request of Beneficiary stating that all sums secured by this Deed of Trust have been paid and upon surrender to Trustee of this Deed of Trust and the Note for cancellation and retention and upon payment of its fees, Trustee shall fully reconvey, without warranty, the entire remaining Property then subject to this Deed of Trust.  The recitals in such reconveyance of any matters of facts shall be conclusive proof of their truthfulness.  The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

        5.13.    <u>Performance Under Other Documents</u>.  Subject to Beneficiary's rights under Section 2.3 above, Trustor shall faithfully perform each covenant to be performed by Trustor under any lien or encumbrance, lease, sublease, instrument, declaration, covenant, condition, restriction, license, order or other agreement which affects the Property, including, without limitation, each covenant to be performed by Trustor under any mortgages and any and all other instruments pertaining to such mortgages, including the respective obligations secured thereby.  A breach of or a default under any such lien, encumbrance or other instrument which Beneficiary reasonably believes may be prior and superior to the lien or charge of this Deed of Trust shall, at Beneficiary's option, constitute an event of default under this Deed of Trust.

        5.14.    <u>Amendments</u>.  Neither this Deed of Trust nor any of its terms can be waived, changed, discharged or terminated orally, except by an instrument in writing signed by the party against whom enforcement of any waiver, change, discharge or termination is sought.

        5.15.    <u>Beneficiary's Advances and Costs</u>.  Subject to Section 4.8, at Beneficiary's election, all amounts advanced or costs incurred by Beneficiary pursuant to this Deed of Trust or any applicable law shall be due and payable by Trustor upon demand by Beneficiary, shall be

additional indebtedness secured by this Deed of Trust and shall accrue interest at the Default Rate from the date advanced or incurred until paid.

5.16.   <u>Acceptance by Trustee</u>.  Trustee accepts the trust created by this Deed of Trust when it is made a public record as provided by law.

5.17.   <u>Subordinate Deed of Trust</u>.  The lien of this Deed of Trust is subordinate to the lien of the deed of trust dated as of June 25, 1986, executed by Trustor (successor to Leo E. Gray) for the benefit of Citi Bank N.A. (successor to California Federal Savings and Loan Association) (collectively with its successors and assigns, the "Senior Creditor"), and recorded on July 17, 1986 as Instrument No. 86-897667 in the Official Records of Los Angeles County (the "Senior Deed of Trust").  The Senior Deed of Trust secures a promissory note dated June 25, 1986 in the principal amount of $140,000 made by Trustor's predecessors-in-interests and payable to the order of the Senior Creditor (the "Senior Note").  With respect to the Senior Note and Senior Deed of Trust, Trustor agrees as follows:

(a)     Trustor agrees to comply fully with all of the terms, conditions and provisions of the Senior Note, Senior Deed of Trust and all other instruments, agreements and documents evidencing, securing or otherwise delivered in connection with the indebtedness evidenced by the Senior Note (collectively, with the Senior Note and the Senior Deed of Trust, the "Senior Loan Documents"), at the times and in the manner set forth in the Senior Loan Documents.

(b)     In the event of any default under any of the Senior Loan Documents, Beneficiary may, but shall not be required to, perform any obligation of Trustor under the Senior Loan Documents, including, without limitation, making full or partial payments of principal or interest under the Senior Note, or purchase, discharge or otherwise settle the Senior Note or Senior Deed of Trust.  Beneficiary's performance of any of Trustor's obligations under the Senior Loan Documents shall be presumed, as between Trustor and Beneficiary, to have been necessary and reasonable.

(c)     Trustor shall not, without the prior written consent of Beneficiary, enter into any modification, amendment, agreement or arrangement with respect to the Senior Loan Documents pursuant to which Trustor is granted any forbearance or indulgence in the payment of any principal, interest or other sums or the performance of any act or acts required under the Senior Loan Documents.

(d)     Trustor shall give Beneficiary prompt notice of the receipt of any notice given to Trustor by the Senior Creditor with respect to the Senior Loan Documents and shall immediately forward copies of all such notices to Beneficiary.

(e)     Trustor represents and warrants that the amount outstanding under the Senior Note does not exceed $_____.  Trustor agrees not to increase the obligations secured by the Senior Deed of Trust without the prior written consent of Beneficiary.

(f)     In the event of the acceleration of the obligations outstanding under the Senior Note or the recording of a Notice of Default against the Property, the

obligations outstanding under the Note shall, without notice, be immediately due and payable in full.

**(Signatures on next page)**

THE PHINEAS GROUP, LLC,
a Georgia limited liability company

By: _____
Name:_____
Its:_____

S-1

State of California
County of _____

On _____ before me, _____, personally appeared _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.


Signature _____

S-2

**EXHIBIT "A"**

Legal Description

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

THE EAST HALF OF LOT 341 AND ALL OF LOT 342 OF DU RAY PLACE TRACT, AS PER MAP RECORDED IN BOOK 21, PAGES 50 AND 51 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 5043-016-012